UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL V. RADER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECURITAS SECURITY SERVICES<br>USA, INC.<br><br>　　　　　Defendant. | Case No. 1:26-cv-04497-JLT-FJS<br><br>FINDINGS AND<br>RECOMMENDATION THAT<br>PLAINTIFF'S APPLICATION FOR<br>LEAVE TO PROCEED IN FORMA<br>PAUPERIS BE DENIED<br><br>(ECF No. 2.)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

On June 11, 2026, Plaintiff Krystal V. Rader ("Plaintiff"), proceeding *pro se,* filed this action against Defendant Securitas Security Services USA, Inc. (ECF No. 1.) Pursuant to the Americans with Disabilities Act, Plaintiff brings claims for disability discrimination, failure to provide reasonable accommodation, and retaliation. (*Id.*) Plaintiff seeks compensatory damages, punitive damages, lost wages, lost employment benefits, and attorney's fees and costs. (*Id.* at 5.) Plaintiff has not paid the filing fee. Pending before the court is the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915. (ECF No. 2.)

According to Plaintiff's application, she receives monthly income from Securitas Security Services USA, INC., in the amount of $4,099.51. (*Id.*) This amounts to an annual income of $49,194.12 ($4,099.51 x 12 months = $49,194.12). Plaintiff further indicates that she has automobile and real property assets that have combined approximate value of $8,500.00 - $11,600.00. (*Id.* at 2.) Plaintiff states that she has two dependents, a brother and a father. (*Id.*)

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications. *See Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.,* No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to in forma pauperis application). For a family or household of three, the 2026 poverty guideline is $27,320. See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 15, 2026).

Having considered Plaintiff's application, the court finds that Plaintiff has not made the showing required by section 1915 that she is unable to pay the required fees for this action. Plaintiff's household estimated annual income exceeds that of the federal poverty guidelines. Thus, there is no indication that Plaintiff is unable to pay the filing fee while also providing for the necessities of life. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

(1) Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 2) be DENIED; and

(2) Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within <u>fourteen (14) days</u> after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits.</u> Exhibits may be referenced by document and page number if already in the

record before the court. Any pages filed in excess of the 15-page limit may be disregarded. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 18, 2026**

UNITED STATES MAGISTRATE JUDGE